**AMERICAN PACIFIC INVESTMENT CORPORATION, etc., Plaintiff,**

v.

**Roland H. NASH, Jr., District Director of Internal Revenue, et al., Defendants.**

**Civ. A. No. 1553–71.**

United States District Court,
D. New Jersey.

Feb. 25, 1972.

Pearce & Connolly, by Owen B. Pearce, Manasquan, N. J., for plaintiff.

Herbert J. Stern, U. S. Atty., by Stephen E. King, Asst. U. S. Atty., for defendants.

## OPINION and ORDER

CLARKSON S. FISHER, District Judge.

American Pacific Investment Corporation (APIC), a mortgagee in possession of the property owned by its mortgagor, Carlson's Point Pleasant Fisheries, Inc., has filed suit to enjoin the Internal Revenue Service, Roland Nash Jr., District Director, from interfering with its conduct of the business of the mortgaged property. The fear of interference is the result of the presence of tax liens filed by the Internal Revenue Service against the Fisheries plant on April 12, 1971 and October 15, 1971 in conjunction with alleged threats by the IRS Officer in charge of the nearby Toms River Office to close down the Fishery. The Government has moved to dismiss the suit citing 26 U.S.C. § 7421(a),[1] a statute prohibiting suits to restrain the assessment or collection of any tax, as authority. It is only the mo-

tion to dismiss which is presently before this Court.

Plaintiff, APIC, argues that its lien is senior to that of the Government and that by levying against the Fisheries the Government would be, in essence, taxing their interests in order to satisfy the liability of APIC's mortgagor. This, plaintiff contends, would be a wrongful levy.

Numerous cases have held that both 26 U.S.C. § 7421 and its predecessor 26 U.S.C. § 3653 do not prohibit judicial interposition to prevent a collector for taking the property of one person to satisfy the tax obligation of another. Raffaele v. Granger, 196 F.2d 620 (3rd Cir. 1952); Shaw v. United States, 331 F.2d 493 (9th Cir. 1964); Tomlinson v. Smith, 128 F.2d 808 (7th Cir. 1942); State of N. J. v. Moriarity, 268 F.Supp. 546, 561 (D.N.J.1967); Gordon v. United States Treasury Department, Internal Revenue Service, 322 F.Supp. 537 (E.D. N.Y.1970); Logan Planing Mill Co. v. Fidelity and Casualty Co. of N. Y., 212 F.Supp. 906 (D.W.Va.1962). As was stated by the Court in Logan, supra, the cases support the position that the purpose of Section 7421 is to prevent suits by a taxpayer to contest the taxability and bar collection of the tax asserted; but that the prohibitions of Section 7421 have no applicability to suits to protect the property of a non-taxpayer which the government has seized to satisfy a taxpayer's liability.

This exception to the prohibitions of Section 7421 was codified by Congress as Section 7426(a) (1) and (b) (1) of Title 26[2] in 1966, as part of the Federal

---

1. "Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

2. 26 U.S.C. 7426(a) (1)—
"WRONGFUL LEVY—If a levy has been made on property or property has

been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

Tax Lien Act of 1966.[3] Thus, now, by statute, a non-taxpayer can sue in Federal Court to prevent his property from being levied upon to satisfy the tax liabilities of another.

The Government argues that plaintiff is seeking an injunction prematurely and thus does not fit within this exception to Section 7421. Section 7426(a) (1) permits actions where a levy "has been made", not one in the future. However, plaintiff points to Section 7426(b) (1) which grants a District Court jurisdiction to issue an injunction where a levy "would irreparably injure rights in property . . . .", suggesting the ability of the Court to prevent a levy at the outset. Plaintiff further argues that to require physical seizure of plaintiff's property before the statute may be invoked requires plaintiff to suffer the very injury from which the legislation was designed to save him.

However, sensible the plaintiff's position may be, a strict reading of the statute and its legislative history requires that the suit be dismissed until such time as an actual levy is made.

■ Section 7426(b) (1) allows a Court to "grant an injunction to prohibit the enforcement of such (wrongful) levy." This clause implies that the Court can act only once a levy is in existence. It can prevent the enforcement of a levy, not the institution of one. The Statute is not authority for the Court to act upon a threatened levy, only upon one in existence and it is clear that a threatened levy does not constitute an actual levy. Freeman v. Mayer, 152 F. Supp. 383 (D.N.J.1957).[4]

■ A view at the statute's legislative history, as is required when construing a federal taxing statute, C. I. R. v. Bosch's Estate, 387 U.S. 456, 87 S. Ct. 1776, 18 L.Ed.2d 886 (1967), further convinces me of the necessity for an actual levy. In Mertons' Law of Federal Income Taxation, the Editors cite from House Report No. 1704, 89th Congress, 2nd Session, p. 74 and say:

> "The action may be brought without regard to whether the property has been surrendered to or sold by the Government but it may not be brought before the levy is made by the Government." Ch. 54 at p. 339.

As there is presently no jurisdiction in this Court the suit will be dismissed without prejudice to the plaintiffs right to renew the action if and when a levy has been made and it is so ordered.

---

(b) Adjudication—The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
(1) Injunction—If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale."

3. 1966 U.S. Code of Congressional and Administrative News, p. 3772.

4. Judge Modarelli said, "A 'levy' requires that property be brought into legal custody through seizure, actual or constructive, levy being an absolute appropriation in law of the property levied on, and mere notice of intent to levy is insufficient (to constitute a levy)."
26 U.S.C. § 7701(a) (21) defines levy as including "the power of distraint and seizure by any means". Some actual action, not threatened action, is necessary for levy.