Paul A. BUTLER and Norma L. Butler,
Plaintiffs,

v.

DISTRICT DIRECTOR OF INTERNAL
REVENUE, Defendant.

Civ. A. No. 73-H-473.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 13, 1973.

Paul A. Butler and Norma L. Butler,
pro se.

Anthony J. P. Farris, U. S. Atty.,
Olney G. Wallis, Asst. U. S. Atty.,
Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

### CARL O. BUE, Jr., District Judge.

This is a suit, pursuant to 26 U.S.C. §§ 6212(a), 6213(a), and 7421(a), in which plaintiffs seek to enjoin the Internal Revenue Service from prosecuting a levy for an alleged tax deficiency for 90 days or until the Tax Court has ruled on plaintiffs' petition for a redetermination of the deficiency. Jurisdiction is based on 28 U.S.C. § 1340.

The defendant has moved for dismissal of the suit under Fed.R.Civ.P. 12(b) on two grounds. First, he contends that the United States is immune from suit except where Congress has explicitly waived sovereign immunity. Second, it is alleged that 26 U.S.C. § 7421(a) is a bar to the injunctive relief sought by the plaintiffs.

■ There are two answers to the issue of sovereign immunity. First, it has been held that an action may be commenced against a government official, here the district director of internal revenue, who is allegedly exceeding his ministerial authority. The Fifth Circuit Court of Appeals, in applying this proposition to a suit for injunctive relief to prevent the collection of a tax, stated:

> The United States is not a necessary party to this suit, the object of which is to restrain threatened illegal conduct of a federal official violative of rights of the plaintiff. The exemption of the United States from suits does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded or threatened to invade. Philadelphia Co. v. Stimson, 223 U.S. 605, 619, 32 S.Ct. 340, 56 L.Ed. 570.

Miller v. Standard Nut Margarine Co. of Fla., 49 F.2d 79, 85 (5th Cir. 1931), aff'd, 284 U.S. 498, 52 S.Ct. 260, 76 L. Ed. 422 (1932); *see also* Botta v. Scanlon, 187 F.Supp. 856 (E.D.N.Y.1960), aff'd, 314 F.2d 392 (2d Cir. 1963).

■ Second, any waiver of sovereign immunity must necessarily be made by the Congress. Section 7421(a) provides that: "Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." If any of the above enumerated exceptions exist, suit may be brought. If an effort is made to enjoin the collection of federal income, estate, or gift taxes, suit can only be brought against the United States or an agent of the United States such as a district director of Internal Revenue. Constructs such as those utilized in *Miller* are unnecessary, for if it was the Congressional intent to permit suits for injunction in the narrowly defined exceptions to § 7421(a), then it must also have been the Congressional intent to waive sovereign immunity in these limited circumstances.

With regard to the alleged statutory bar, an examination of sections 6212(a), 6213(a) and 7421(a) reveals that perhaps the only statutory ground on which a district court would have jurisdiction to restrain the assessment or collection of a tax is where, with respect to a tax imposed by Int.Rev.Code of 1954, subtitles A and B, the Internal Revenue Service is attempting to make such assessment or collection without first having mailed a proper deficiency notice, or without waiting until the expiration of the 90-day period after giving such notice during which the taxpayer may file a petition for a redetermination of the deficiency, or, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Walker v. IRS, 333 F.2d 768, 770 (9th Cir. 1964).

The plaintiffs in the instant case allege in their affidavit of Matters in Controversy that they never received actual notice of the claimed deficiency. Moreover, they allege that they moved to a new address in Houston some two years ago, and the inference is that they set this out in tax returns sent in sub-

sequent years to the same Internal Revenue collector.

■ ■ The purpose of a deficiency notice is fully accomplished where notice is actually received by the taxpayer. Sorrentino v. Ross, 425 F.2d 213 (5th Cir. 1970). Even if the notice is never delivered to the taxpayer, it is deemed to be adequate and effective if sent by certified or registered mail to the last known address of the taxpayer in compliance with 26 U.S.C. § 6212. Berger v. C.I.R., 404 F.2d 668 (3d Cir. 1968).

■ Without more, the "last known address" is that shown on the tax return for the year in question. However, if after the return is filed, the Government learns that the taxpayer has moved and has acquired a new address, the notice must be sent to that address. 9 J. Mertens, the Law of Federal Income Taxation § 49.134, at 248 (1971).

■ The Secretary of the Treasury could easily have provided for an agency of the Internal Revenue Service to whom a taxpayer could make known his last address. However, no such regulation exists. Consequently, the last known address becomes a matter of proof in each case in which the question arises. Maxfield v. C.I.R., 153 F.2d 325, 326 (9th Cir. 1946). It is apparent, however, that the allegations of the plaintiffs, if true, would establish the invalidity of the deficiency notice of February 1, 1972, and place this case within the statutory exception to § 7421(a). See Luhring v. Glotzbach, 304 F.2d 556, 559 (4th Cir. 1962); Welch v. Schweitzer, 106 F.2d 885 (9th Cir. 1939); 9 J. Mertens, the Law of Federal Income Taxation § 49.134, at 251 n. 85 (1971).

That portion of the motion to dismiss based on the allegation of sovereign immunity is overruled. That portion of the motion alleging a bar to injunctive relief by § 7421(a) is found to be inextricably intertwined with the merits of the case. It is therefore the judgment of this Court that the latter portion of the motion to dismiss should not be decided summarily, but should await trial on the merits. See McBeath v. Inter-American Citizens for Decency Com., 374 F.2d 359 (5th Cir. 1967); Fed.R. Civ.P. 12(d). The Clerk will notify counsel.