Eric C. NICKERSON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Appellee.

No. 74–1368.

United States Court of Appeals,
First Circuit.

Argued March 4, 1975.

Decided March 28, 1975.

Raymond A. LaFazia, Providence, R. I., with whom J. Renn Olenn and Gunning, LaFazia, Gnys & Selya, Providence, R. I., were on brief, for plaintiff-appellant.

William A. Friedlander, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., Lincoln C. Almond, U. S. Atty., Providence, R. I., Gilbert E. Andrews, Elmer J. Kelsy and Wesley J. Filer, Attys., Tax Div., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Plaintiff Eric Nickerson and his son Warren jointly own Nickerson's Garage in Little Compton, R. I. In January 1974 the Internal Revenue Service filed a tax lien on all Warren's property. In June the service levied on and took possession of the garage, denying Eric access to the premises and certain of his own personal property located thereon. This levy was released two days later when Warren agreed to make payments satisfying his outstanding tax liabilities. In July Eric brought suit to obtain a declaration that the government had no right to seize property held jointly with his son or owned outright. He also sought an injunction restraining the United States from levying on these interests to satisfy Warren's tax deficiencies. The district court dismissed on jurisdictional grounds and Eric appeals.

It is well settled that the United States may not be sued absent a waiver of its sovereign immunity. *See,*

*e. g.*, Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). Nickerson claims to have found such a waiver in 26 U.S.C. § 7426(a),[1] which he alleges should be construed to permit such suit whenever there has been a levy even if, as in the present case, the levy has been released and is no longer outstanding. While the wording of the statute does not specifically foreclose such a construction[2] at least one court has refused to enjoin a threatened first levy noting that the statute reaches only "existing" levies, American Pacific Investment Corp. v. Nash, 342 F.Supp. 797, 799 (D.N.J.1972), and no other court has exercised jurisdiction absent such a levy.[3] This construction derives support from the fact that the exclusive remedies of subsection (b) seem to contemplate an existing levy. Mindful of the principle that waivers of sovereign immunity are to be strictly construed, McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951), we believe the district court correctly held § 7426 inapplicable.

Nickerson also adverts to 28 U.S.C. § 2410(a)(1) providing that the United States may be named a party in a civil action to quiet title to property in which it claims a lien, but the lien against Warren's property does not encumber Eric's joint interest, so this section is inapplicable. Shaw v. United States, 331 F.2d 493, 497–98 (9th Cir. 1964).[4] Finally, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction but merely grants an additional remedy in cases where jurisdiction already exists. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Hence it does not avail Nickerson.

Affirmed.

---

1. "(a) *Actions Permitted.*—

(1) *Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate."

2. The last sentence of the subsection is intended to preserve jurisdiction even after the levy has been executed and the property sold. It does not support the contention that an action may be brought after a levy has been released.

3. In United Pacific Insurance Co. v. United States, 320 F.Supp. 450 (D.Ore. 1970), the court held that a notice of lien entitled "Tax Levy" was in fact the equivalent of a levy for purposes of this section. If this was the correct result it is obviously confined to the specific circumstances in question. The court acknowledged that it had no jurisdiction when there had been no levy.

4. In *Shaw* a tax lien against the husband's joint interest was held not to encumber the wife's joint interest in the same property, and the court held that she had no cause of action under § 2410. Pettengill v. United States, 205 F.Supp. 10 (D.Vt. 1962) is distinguishable in that it involved a tax lien against the husband's interest in property owned by the entireties with but a single title and not liable under local law for his sole debts. Moreover, the court held that the government had waived its jurisdictional objection.