707 F.2d 820
 Lawrence I. KASDON, Plaintiff,
and
Prince George's County, Maryland,
(a body corporate and politic),
Appellant
v.
UNITED STATES of America, Appellee,
and
G.W. Zierden Landscaping, Inc.; John J. Dwyer, Trustee;
Joseph C. Hughes, trustee; Jennings H. Bowman; Edith A.
Bowman; all persons having or claiming to have an interest
in the property described as: 2.6129 acres, Croome,
assessed to G.W. Zierden Landscaping, Inc., in the fifteenth
Election District--Melwood, more specifically described in
the Bill of Complaint; Potomac Iron Works, Inc. (a Delaware
Corporation, not qualified to do business in Maryland); The
National Bank of Washington (an out-of-State Bank which has
withdrawn voluntarily its authority to do business in
Maryland); Joseph R. Cassidy, Trustee and Robert Elks,
Trustee and United States of America and any and all persons
having or claiming to have any interest in the following
property described on the tax bills issued by the Director
of Finance for Prince George's County (Item No. 16-A) 18,447
sq. ft., part of lot adjoining Episcopal Methodist Church
lot, Sixteenth Election District, Assessed to Potomac Iron
Works, Inc.; (Item No. 16-B) 13,500 sq. ft. and
improvements, Lots 4 and 5, Levi Nalley's Addition to
Hyattsville, Sixteenth Election District, assessed to
Potomac Iron Works, Inc.; (Item No. 16-C) 35,369 sq. ft.
and improvements Lots 6, 12, 13, 7 EX SW Con, NE Cor 8, and
1/3 11 Ex Tri SE Line Ft Abnd St. Levi Nalley's Addition to
Hyattsville, Sixteenth Election District, assessed to
Potomac Iron Works, Inc.; (Item No. 16-D) 13,569.00 sq.
ft., Lot 1 and Part of Lot 3, equalling 2,233 sq. ft.,
triangle on NW line of Lot 3, equalling .0023 acres, Holtons
Addition to Hyattsville, Sixteenth Election District
Assessed to Potomac Iron Works, Inc.; (Item No. 16-E)
24,390 sq. ft. and improvements, Lots 14, 15 and 16, Levi
Nalley's Addition to Hyattsville, Sixteenth District,
assessed to Potomac Iron Works, Inc.; (Item No. 16-F)
10,200 sq. ft., Lot 2, Holton's Addition to Hyattsville,
Sixteenth Election District, assessed to Potomac Iron Works,
Inc.; (Item No. 16-G) 13,586 sq. ft., residue of octagon
tract on Locust Avenue, Sixteenth Election District,
assessed to Potomac Iron Works, Inc.; (Item No. 16-H)
29,656.48 sq. ft., Part of Lot 3, equalling 21,110.48 sq.
ft. and part of Lot 4, equalling .1962 acres, Holton's
Addition to Hyattsville, Sixteenth Election District,
assessed to Potomac Iron Works, Inc.; (Item No. 16-I)
0.0052 acres, Triangle on SE Line of Lot 11, Levi Nalley's
Addition to Hyattsville, Sixteenth Election District,
assessed to Potomac Iron Works, Inc. and more specifically
described in the Bill of Complaint; Mid-Atlantic
Construction & Development Corporation (a Maryland
Corporation) and Estate of Bird H. Dolby and Eleanor D.
Martin and United States of America and any and all persons
having or claiming to have any interest in the following
property described on the tax bills issued by the Director
of Finance for Prince George's County (Item No. 5-A) Outlot
A, Block B, 6,396.0 sq. ft., Donny Brook Estates
Subdivision, Fifth (Piscataway) Election District, assessed
to Mid-Atlantic Construction & Development Corporation;
(Item No. 14-B) Lot 27, Block H, 7,500 sq. ft., Lincoln
Subdivision, Fourteenth (Bowie) Election District, assessed
to Bird H. Dolby; (Item No. 18-A) Lot 569, 2,250.00 sq.
ft., Cedar Heights Subdivision, Eighteenth (Seat Pleasant)
Election District, assessed to Robert M. Dolby and Eleanor
D. Martin and more specifically described in the Bill of
Complaint, Defendants.
 No. 82-1475.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1983.
Decided June 3, 1983.
 
 Michael P. DeGeorge, Associate County Atty., Robert B. Ostrom, County Atty., Upper Marlboro, Md. (Michael O. Connaughton, Deputy County Atty., Upper Marlboro, Md., on brief) for appellant.
 David English Carmack, Tax Div., Dept. of Justice, Washington, D.C. (J. Frederick Motz, U.S. Atty., Baltimore, Md., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Tax Div., Dept. of Justice, Washington, D.C., on brief) for appellee.
 Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 Prince George's County, Maryland, appeals from an order of the district court dismissing the United States as a party defendant in three suits[1] to foreclose all rights of redemption in three parcels of real estate. The United States holds tax liens on the properties. The district court dismissed the United States as a defendant on the basis of sovereign immunity. We affirm.
 
 
 2
 The suits originally were filed individually in the Circuit Court for Prince George's County, Maryland. The United States thereafter removed the cases to the United States District Court, 28 U.S.C. Secs. 1441 and 1444, where they were consolidated for all purposes, Fed.R.Civ.P. 24(a).
 
 
 3
 The plaintiffs[2] had purchased the real estate at a tax sale conducted by Prince George's County on May 8, 1978. Their actions sought to obtain absolute and indefeasible title in the properties. Maryland statutory procedure allows tax sale purchasers to file a petition in equity to foreclose all rights of redemption.[3] If successful, the plaintiffs would take the properties free of all encumbrances.[4] The United States was named as a party in each case because of tax liens it had filed against the properties.[5]
 
 
 4
 After the United States removed the cases to the district court, it moved to be dismissed as a defendant on the ground that it had not waived sovereign immunity. Prince George's County contended that the government had statutorily waived its immunity. 28 U.S.C. Sec. 2410. The district court disagreed. It dismissed the United States as a defendant and remanded the cases to the state trial court for proceedings as to the other defendants.
 
 Section 2410(a) provides in part:
 
 5
 [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
 
 
 6
 (1) to quiet title to, [or]
 
 
 7
 (2) to foreclose a mortgage or other lien upon,
 
 
 8
 ....
 
 
 9
 real or personal property on which the United States has or claims a mortgage or other lien.
 
 
 10
 Section 2410(c) provides in respect to section 2410(a)(2):
 
 
 11
 However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale.
 
 
 12
 Prince George's County advances the same two contentions on appeal as it presented to the district court. It first contends that immunity for the United States was waived by both section 2410(a)(1) and section 2410(a)(2). It argues that the Maryland proceeding was an action to quiet title, or alternatively, was a foreclosure action seeking a judicial sale. Prince George's County's second contention is that the interposition by the United States of the defense of sovereign immunity amounts to an unconstitutional taking of the real estate.
 
 
 13
 The district court, in a well-written opinion,[6] reviewed the basic legal principles relating to quiet title and foreclosure actions. The court first concluded that Congress could not have intended to include the involved type of action within the meaning of a quiet title action in section 2410(a)(1) principally because the plaintiffs did not have actual or constructive possession of the properties. The court next concluded that since the foreclosure sale was not directed by judicial order, it was not a judicial sale as contemplated by section 2410(c). Citing Carlson v. United States, 556 F.2d 489 (Ct.Cl.1977) and Ortega Cabrera v. Municipality of Bayamon, 562 F.2d 91 (1st Cir.1977), the district court held that the invocation of sovereign immunity by the United States was not a taking of the plaintiffs' real estate, because the plaintiffs have available various routes by which the federal tax liens can be discharged and because the only harm alleged was harm to future, speculative opportunities.
 
 
 14
 We agree with the conclusion reached by the district court in answering each of these contentions, and affirm on the basis of its rationale.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Prince George's County was a defendant in one of the suits and the plaintiff in the other two suits. It opposed, in all three suits, the United States' motions to be dismissed as a party defendant. Prince George's County is the only appellant
 
 
 [2]
 Prince George's County was one of the plaintiffs. It had purchased two of the involved tracts in the 1978 sale because there were no bidders for the properties
 
 
 [3]
 Md.Ann.Code art. 81, Secs. 100(a), 102. Section 100(a) provides in pertinent part:
 A holder of any certificate of sale, his heirs or assigns, may at any time after the expiration of one year and a day from the date of sale in any of the counties, or after six months from the date of sale in Baltimore City, file a bill in equity to foreclose all rights of redemption of the property to which such certificate relates, as hereinafter provided. The right to redeem shall, nevertheless, exist and continue until finally barred by decree of the court of equity in which the foreclosure proceeding is filed. Unless a proceeding to foreclose the right of redemption is filed within two years of the date of the certificate of sale, the said certificate shall be void and any and all right, title and interest of the holder of the certificate of sale of [or] his predecessors thereof, in and to the property sold shall cease and all money received by the collector on account of the said sale shall be deemed forfeited, and shall be applied by the collector on the taxes in arrears on said property....
 
 
 [4]
 Id. Sec. 112
 
 
 [5]
 Id. Sec. 103; see also 26 U.S.C. Sec. 7425
 
 
 [6]
 541 F.Supp. 991 (D.Md.1982)