In re Sean MORAHAN, Debtor.

MAINE ASSOCIATES, Stephen R. Weiner, and Connecticut General Life Insurance Company, Plaintiffs,

v.

UNITED STATES of America and Paulette Parker, Esquire, Defendants.

Civ. No. 85–0149 P.

United States District Court, D. Maine.

Oct. 2, 1985.

F. Bruce Sleeper, Jensen Baird Gardner & Henry, Portland, Me., for plaintiffs.

Kevin A. Gaynor, Asst. U.S. Atty., Portland, Me., Christopher Kliefoth, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

GENE CARTER, District Judge.

This case presents the question whether the Defendant United States can be required to marshal its federal tax claims against a debtor in Chapter 7 liquidation, or whether it is free to pursue those tax claims against another of the debtor's funds which is the Plaintiffs' only source of recovery in its claim against the debtor.

On May 11, 1984, the Plaintiffs ("Maine Associates") perfected an attachment lien against all real estate in Cumberland County, Maine owned by Sean P. Morahan. Subsequently, on May 14, 1984, June 4, 1984, and June 20, 1984, the United States recorded federal tax liens against Morahan in Cumberland County, attaching the same real estate that was previously attached by Maine Associates.

On September 18, 1984, Morahan filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, et seq., with the United States Bankruptcy Court for the District of Maine. Subsequently, the bankruptcy trustee abandoned Morahan's former residence on Highland Avenue in South Portland, which also had been subject to the federal tax liens and Maine Associates' attachment liens. This real estate also was subject to a first mortgage in favor of Norstar Bank and Norstar Mortgage Services ("Norstar"). The property was sold and the Norstar mortgage was paid, with the remaining proceeds after costs of sale placed in an escrow account.

Maine Associates and the United States agreed to treat the escrow proceeds as substitute proceeds under 26 U.S.C. § 6325(b)(3), and each party consequently released the real estate from the respective attachments and tax liens. On June 7, 1985, Maine Associates filed a complaint in this Court seeking judgment with respect to the proceeds in the escrow account, claiming that the United States should be required to marshal its claims against the bankruptcy estate.

Both Maine Associates and the United States agree that the government tax liens

have priority over the Maine Associates' lien on the real estate, since the Plaintiffs' lien was never reduced to judgment. 26 U.S.C. § 6323(a). Nevertheless, Maine Associates contends that because the United States also has filed a claim against the bankruptcy estate of Morahan based upon the tax liens, the government should be required to marshal its claims in bankruptcy, since it is claimed that the bankruptcy estate is adequate to pay the government's claims in full.

On August 6, 1985, the United States filed a motion to dismiss the Plaintiffs' complaint, claiming that the Plaintiffs' claim is barred by the doctrine of sovereign immunity, that the relief sought is barred by the "anti-injunction act" of the Internal Revenue Code, and that this Court lacks the jurisdiction over all relevant assets necessary to order that the government marshal its claims.

The United States contends that the doctrine of sovereign immunity shields the government from suit unless specific statutory authorization can be found which removes such immunity. The First Circuit has embraced this principle, *Nickerson v. United States*, 513 F.2d 31, 32 (1st Cir. 1975), and has noted that "waivers of sovereign immunity are to be strictly construed." *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951), cited in *Nickerson v. United States*, 513 F.2d at 33.

A specific statutory prohibition against such suits is contained in 26 U.S.C. § 7421(a), which states that with certain exceptions such as that contained in section 7426(a), "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ..." The United States relies on this wording in arguing that the Plaintiffs' action in the case at hand is barred.

The central question is whether, as the Plaintiffs contend, 26 U.S.C. § 7426(a)(3), constitutes a specific statutory waiver of sovereign immunity. That section reads:

(3) **Substitute sale proceeds.**—If property has been sold pursuant to an agree-ment described in section 6325(b)(3) (relating to substitution of proceeds of sale), any person who claims to be legally entitled to all or any part of the amount held as a fund pursuant to such agreement may bring a civil action against the United States in a district court of the United States.

Regarding section 7421(a) and the exception stated therein, one court has stated:

If any of the above enumerated exceptions exist, suit may be brought ... [I]f it was the Congressional intent to permit suits for injunction in the narrowly defined exceptions to § 7421(a), then it must also have been the Congressional intent to waive sovereign immunity in these limited circumstances.

*Butler v. District Director of Internal Revenue*, 369 F.Supp. 1281, 1282 (S.D.Texas 1973). *See also Standard Acceptance Co. v. United States*, 342 F.Supp. 45, 47 (N.D.Ill.1972). Although those two cases specifically concern section 7426(a)(1), the principle contained therein also applies to section 7426(a)(3): the immunity accorded the sovereign in section 7421(a) has been waived specifically by Congress in section 7426(a)(3).

Such a waiver of sovereign immunity also is clearly contemplated by the wording of 28 U.S.C. § 1346(e), which reads in part, "The district courts shall have original jurisdiction of any civil action against the United States provided in section ... 7426 ... of the Internal Revenue Code of 1954."

Therefore, because of the clear wording of 26 U.S.C. §§ 7421(a) and 7426(a)(3), and 28 U.S.C. § 1346(e), the motion of the United States to dismiss on the bases of the existence of general sovereign immunity and specific statutory bar must be denied, particularly under the favorable light in which plaintiffs' claims are viewed in motions to dismiss. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

The United States next contends that requiring the government to marshal its

claims in bankruptcy would put a severe burden on revenue collection, and that marshaling is not contemplated in the statutes such as 26 U.S.C. § 6325 which refer to the discharge of tax liens.

Nevertheless, the government admits that case law has invoked the marshaling principle with regard to tax claims. As one court stated:

> Where the federal government has a lien on both real estate and personal property, it cannot exhaust the value of the real estate before proceeding to the personal property to the complete exclusion of the specific liens of [the other claimants].

*In re Ann Arbor Brewing Co.,* 110 F.Supp. 111, 116 (E.D.Mich.1951). *See also United States v. Lord,* 155 F.Supp. 105 (D.N.H. 1957).

In a nontax case, the court in *United States Fidelity & Guaranty Company v. Long,* 214 F.Supp. 307, 319 (D.Ore.1963), stated:

> Generally, when two creditors seek satisfaction out of the assets of a debtor and one of them can resort to two funds and the other is limited to one, the former may be required to seek satisfaction out of the fund which the latter creditor cannot touch, so that the latter may have his claim satisfied out of the fund which is subject to the claims of both [citations omitted] ... In the application of the doctrine, the United States and, accordingly its agencies, are on an equal basis with other creditors. [Citation omitted.]

■ The Plaintiffs' complaint cannot be dismissed on the basis that the government can never be required to marshal its claims. In cases involving government tax claims as well as in nontax cases, the courts have acknowledged that the concept of marshaling can be applied to the government in its disputes with private claimholders.

■ In addition, the government cannot prevail on a motion for dismissal on the basis that it would suffer an extreme burden in revenue collection. No evidence has been put forth by the United States regard-

ing the nature of the bankruptcy estate and any specific prejudice it would suffer from having to resort first to those funds to satisfy its tax claims. The Supreme Court has stated that for the purposes of a motion to dismiss, the complaint "is to be liberally construed in favor of plaintiff," and that it should not be dismissed unless the complainant could " 'prove no set of facts in support of his claim which would entitle him to relief.' " *Jenkins v. McKeithen,* 395 U.S. at 421–22, 89 S.Ct. at 1848–49 (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The United States has failed to meet this strict standard, and the motion cannot be granted on the grounds of prejudice.

Finally, the United States argues that this Court has jurisdiction only over the disputed real estate proceeds and not over Morahan's bankruptcy estate, and that therefore a marshaling order would be improper.

■ Again, the government's motion to dismiss cannot be granted on this basis. Even though Morahan's bankruptcy case was referred to the Bankruptcy Court, this Court retains power to revoke reference pursuant to 28 U.S.C. § 157(d). Moreover, the Bankruptcy Court is deemed a unit of the District Court, 28 U.S.C. § 151, and the District Court has "original and exclusive jurisdiction" of all bankruptcy cases, 28 U.S.C. § 1334(a).

The United States' motion to dismiss thus fails to meet the strict test applied to such motions. For the foregoing reasons, the Defendants' motion to dismiss is hereby DENIED.

So ORDERED.