**COMMONWEALTH LAND TITLE INSURANCE COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. B–89–655 (TFGD).**

United States District Court,
D. Connecticut.

March 15, 1991.

---

Robert J. Nicola of Owens, Schine, Nicola and Donahue, Bridgeport, Conn., for plaintiff.

Merrell B. Green, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## RULING ON MOTIONS

DALY, District Judge.

### BACKGROUND

Commonwealth Land Title Insurance Corporation ("plaintiff"), a corporation which provides title insurance to attorneys and purchasers of real property, instituted this lawsuit on December 28, 1989 seeking, *inter alia*, a determination of the "validity of a lien filed by the Internal Revenue Service ("IRS")[,] which is allegedly clouding the title of real property located at 24 Harbor Street in Stamford, Connecticut ("the Property")." Compl. at ¶ 3. Plaintiff asserts that the IRS filed this lien in the Stamford Town Clerk's Office on December 12, 1988 naming "Andje*c*ko Jacki*e*" (emphasis supplied) as the taxpayer subject

to an assessment of $194,568.67. *Id.* at ¶ 4. Plaintiff further alleges that "Andje*l*ko Jaki*c*" (emphasis supplied) sold the Property to Dorothy Romano and Albino Romano at a later date. *Id.* at ¶¶ 5, 7. Plaintiff also alleges that it issued title insurance in the amount of "$220,000.0909" to the Romanos on February 23, 1989, guaranteeing title to the Property against any liens, after a reasonable search of the Stamford records failed to disclose the existence of the lien.[1] *Id.* at ¶¶ 5, 8. Plaintiff alleges that "it is liable for the amount of the lien", that it filed an administrative appeal on November 16, 1989 with the IRS, which was denied December 1, 1989, and that "it is obligated to defend the Property." *Id.* at ¶¶ 9–10. Plaintiff amended its complaint on January 26, 1990, setting forth an additional request for relief. *See* Amended Compl. at ¶ 4.[2]

The government ("defendant") has moved to dismiss plaintiff's claim, contending that the Court lacks subject matter jurisdiction over this matter. Plaintiff opposes this motion, and further seeks leave to amend its complaint once again to set forth a new basis for the Court's jurisdiction. Defendant resists this amendment, contending that plaintiff still has not set forth any grounds upon which the Court might properly assert subject matter jurisdiction over this matter, and that the government will suffer unfair prejudice if the Court permits such an amendment. For the reasons discussed below, defendant's motion to dismiss is granted, and plaintiff's motion to amend is denied.

### DISCUSSION

■ The potential range of the federal courts' subject matter jurisdiction is delineated by the United States Constitution, *see* U.S. CONST. Art. III, and the actual scope of such jurisdiction is defined at any given time by Congressional enactments. FRIEDENTHAL, KANE & MILLER, CIV-

[1]. Plaintiff asserts that the "grantor/grantee index lists individuals by their name only and the misspelling of both the first and last names [of Andjelko Jakic] made it extremely unlikely that the lien could be discovered." Compl. at ¶ 5.

[2]. Plaintiff's amended complaint seeks, *inter alia*, a mandatory injunction requiring the IRS (1) to determine if Jakic has other property with which to satisfy any obligation to the United States, and (2) to require that any such property be so utilized. Amended Compl. at ¶ 4.

IL PROCEDURE 13 (1985). Federal jurisdiction is, therefore, limited in nature, and its existence must be demonstrated by the parties wishing a federal court to entertain a suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936). Federal jurisdiction cannot be conferred upon a court by consent of the parties, nor may its absence be waived. *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).

■ A party may move to dismiss an action because of a failure of subject matter jurisdiction at any time during the course of an action. FED.R.CIV.P. 12(b)(1); FED.R.CIV.P. 12(h)(3); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 588 F.2d 24 (2d Cir.1978). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting subject matter jurisdiction. *Western Transportation Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1037–38 (7th Cir.1982). Unlike dismissals based upon Fed.R.Civ.P. 12(b)(6) (failure to state a claim), dismissals for lack of subject matter jurisdiction are not on the merits and therefore not accorded *res judicata* effect. *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976).

■ The burden of establishing federal jurisdiction is not particularly onerous. Where a federal claim is alleged on the face of the complaint, and the plaintiff asserts jurisdiction under the general federal question statute, 28 U.S.C. § 1331(a), a court will only dismiss the matter when the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court...." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). When, however, the asserted basis for jurisdiction is not the general federal question statute,

but rather a specific statute according the federal courts jurisdiction over discrete types of claims, *see, e.g.,* 28 U.S.C. § 1343 (civil rights claims), a federal court shall possess jurisdiction unless the statute referred to by the parties is immaterial to the claim described in the complaint. *See Western Transportation Co.*, 695 F.2d at 1037.

■ That plaintiff has named the government as the defendant in this lawsuit is a matter of much significance to the resolution of these motions. "It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1975) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941)).[3] Thus, except to the extent that Congress has consented to a cause of action against the United States, thereby waiving sovereign immunity, courts possess no jurisdiction to entertain suits against the government. *Id.*

■ On the face of both filed complaints, plaintiff invokes Title 28 of the United States Code ("the "Code"), section 1346 to suggest that Congress has empowered the Court to hear this case. This section provides that the district courts shall have original jurisdiction over certain cases in which the United States is named as a defendant. 28 U.S.C. § 1346. Furthermore, in both filed complaints, plaintiff refers to Title 26 of the Code, sections 6323(f)(4) and 7426(a)(1) as the "federal laws involved." Nevertheless, in plaintiff's latest request to amend its complaint, and in its memorandum of law in opposition to the government's motion to dismiss, plaintiff's counsel indicates to the Court that his citation to 28 U.S.C. § 1346 as a jurisdictional basis was incorrect. Pltf's mem. at 3 n. 2. Plaintiff now urges that 28 U.S.C. Section 1340 is the correct basis for the

---

**3.** In view of the overwhelming authority recognizing the validity of the doctrine of sovereign immunity, *see, e.g., Testan,* 424 U.S. at 399, 96 S.Ct. at 953–54, which plaintiff acknowledges, the Court declines plaintiff's invitation to reexamine the doctrine's merits.

Court's jurisdiction. Accordingly, the Court will only assess whether that section provides a jurisdictional basis for this suit.

Section 1340 provides, in pertinent part, that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. § 1340. The notice of the federal lien on the Property sent to Dorothy Romano dated March 15, 1989 indicates that this lien was made pursuant to federal laws relating to internal revenue. Furthermore, plaintiff notes correctly that courts have recognized section 1340 as an appropriate statutory provision sanctioning federal subject matter jurisdiction in suits to determine the validity of federal tax liens, such as this one. *See, e.g., Pacific Mut. Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago*, 642 F.Supp. 163, 165 (N.D.Ill.1986). Accordingly, the Court concludes that plaintiff has now asserted a proper basis for jurisdiction over this type of suit.

Such a determination, however, does not resolve the question of whether the United States may be named as a party in such a suit. By its terms, section 1340 makes no mention of actions against the government. As the plaintiff notes correctly, it must establish still that the United States has waived its sovereign immunity and has consented to defend an action brought under section 1340. *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir.1990).

Plaintiff further indicates that "[o]riginally, [it] sought waiver of sovereign immunity under 28 U.S.C. § 2409a." [4] Plaintiff, however, has since conceded that this section does not provide a waiver of sovereign immunity for claims such as the one here brought. Pltf's mem. at 18–19 ("With the legislative history suggesting that the archetypal § 2409a action is a boundary dispute with the United States, ... it is clear that the dispute over a tax lien which does not involve a claim by the United States that they own the subject property

in Stamford cannot be brought under that statutory waiver of sovereign immunity.").

Plaintiff instead points to 26 U.S.C. section 7426(a)(1) and 28 U.S.C. section 2410(a)(1) as independent applicable waivers of sovereign immunity. Section 7426(a)(1), entitled "Civil actions by persons other than taxpayers", provides in relevant part:

(a) Actions permitted.—

(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States.

Plaintiff contends that by virtue of filing a Notice of Federal Tax Lien in the Stamford land records the government has taken action to come within the provisions of this section.

The Court disagrees. As pointed out in the government's excellent discussion of this matter, a lien is "a charge or security or encumbrance upon property", BLACK'S LAW DICTIONARY 1072 (4th ed. 1968), whereas a levy is a "seizure". *Id.* at 1051. Title 26 of the Code, section 6321 provides, in pertinent part, that if any person liable to pay taxes neglects or refuses to pay them after demand, there shall be a lien in favor of the United States upon all property belonging to such a person. Section 6322 of this title provides, in pertinent part, that the lien arises at the time the assessment is made. Accordingly, as the government describes, a federal tax lien arises by operation of law.

A levy, by contrast, is the means by which the government may collect taxes which a person has neglected or refused to pay. Section 6331(b) of this title provides, in pertinent part, that "the term 'levy' as used in this title includes the power of distraint and seizure by any means." Sec-

---

**4.** 28 U.S.C. section 2409a(a) provides, in pertinent part, "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest of water rights...."

tion 6331(a) of this title also provides, in pertinent part, that specific notice of the IRS's intention to levy must be given to the taxpayer prior to service of the levy.

Plaintiff's citation of *Nickerson v. United States*, 513 F.2d 31, 33 n. 3 (1st Cir. 1975), as support for the proposition that the Notice of Federal Tax Lien filed in this case constitutes a "levy" sufficient to bring this suit within the boundaries of Title 26, section 7426(a)(1), is misplaced. In affirming a district court's determination that section 7426 failed to provide a jurisdictional basis in that case, the First Circuit there observed that "at least one court has refused to enjoin a threatened first levy noting that the statute reaches only 'existing' levies, *American Pacific Investment Corp. v. Nash*, 342 F.Supp. 797, 799 (D.N.J. 1972), and no other court has exercised jurisdiction absent such a levy." *Nickerson*, 513 F.2d at 33. The First Circuit noted that in *United Pacific Insurance Co. v. United States*, 320 F.Supp. 450 (D.Ore. 1970), the district court held that a notice of a lien actually entitled "Tax Levy" was in fact the equivalent of a levy for the purposes of section 7426. *Nickerson*, 513 F.2d at 33 n. 3. The First Circuit observed, however, that "[i]f this was the correct result it is obviously confined to the specific circumstances in question. [That] court acknowledged that it had no jurisdiction when there had been no levy." *Id.* Thus, *Nickerson* in no way suggests that a filed document entitled "Notice of Federal Tax Lien" is actually a levy for purposes of section 7426(a)(1). If anything, *Nickerson* indicates that in this case, where there has not yet been an actual seizure, nor even any notice containing the word "levy", no levy has occurred and section 7426 is inapplicable.

■ Even assuming that the IRS had served a "levy", however, the Court still finds that section 7426 fails to provide an adequate waiver of sovereign immunity. Section 6532(c) provides that "... no suit under section 7426 shall be begun after the expiration of nine months from the date of the levy." The IRS filed the notice of lien (the act plaintiff asserts constituted a levy)

on December 12, 1988. Plaintiff filed its first complaint in this matter on December 28, 1989. Accordingly, if this action is brought under section 7426, it is barred by the applicable statute of limitations. Such a bar defeats a claim that the government has waived sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990); *Barrett Treaty Ltd. v. United States*, 624 F.Supp. 166, 169 (E.D.N.Y.1985). For all of the reasons set forth above, the Court holds that section 7426 does not provide a waiver of sovereign immunity in this case.

■ Plaintiff also claims that the government has waived its sovereign immunity by virtue of Title 28, section 2410, which is entitled "Actions affecting property on which United States has lien". In pertinent part, this section provides: "(a) ... the United States may be named a party in any civil action or suit in any district court ... (1) to quiet title to ... real or personal property on which the United States has [a] ... lien." Although plaintiff fails to devote extensive attention to this provision, plaintiff contends that this suit is one brought to quiet title. Plaintiff acknowledges that although "the statutory waiver [of sovereign immunity provided by this section] requires [that an entity bringing a quiet title suit possess] a property interest, ... that [requirement] has been expansively allowed to include intangibles as a property interest." Pltf's mem. at 20. Plaintiff urges that, although it is not the owner of the Property, it has a sufficient interest in it, by virtue of its contractual obligations, to bring a claim under section 2410 in its own name.

The Court again disagrees with plaintiff. First, courts which have considered the scope of section 2410 have held that through this section Congress provided a method by which private owners, in possession, either actual or constructive, may remove a cloud upon the title of their property created by a government lien. *See, e.g., United States v. Morrison*, 247 F.2d 285, 290 (5th Cir.1957) ("The jurisdiction [established by section 2410] ... rests on the existence of the traditional controversy in

which a private party asserts an ownership which is superior to the claimed lien of the United States Government."); *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F.Supp. 991, 994 (D.Md.1982), *aff'd sub nom.*, *Kasdon v. United States*, 707 F.2d 820 (4th Cir.1983) ("[I]n the face of near-unanimous judicial authority requiring a quiet title action to be brought by a plaintiff-in-possession, it is unlikely that Congress intended, when it passed [section] 2410, to permit a quiet title action by a plaintiff who was not in possession, actual or constructive."). This interpretation is also supported by the decision of the First Circuit in *Nickerson.* 513 F.2d at 31. The First Circuit there affirmed that section 2410 did not provide jurisdiction for a father's action to quiet title on property he owned jointly with his son where the government claimed a lien only on his son's interest in the property. *Id.* at 33; *see also Lemieux v. United States*, No. H–80–176 (JAC), slip op. at n. 8, 1980 WL1731 (D.Conn. Dec. 17, 1980) (LEXIS, Genfed, 2nd file).

Plaintiff here has set forth no facts indicating that it is in possession of the property in issue, or that it is a private owner of this property. Although the government concedes that Dorothy or Alberto Romano, as the property owners in possession, might be able to bring a quiet title action against the United States under section 2410 in their own name, plaintiff does not share their status. *Compare Kulawy*, 917 F.2d at 731–34 (jurisdiction found where plaintiff was owner in possession at time suit pursuant to 28 U.S.C. sections 1340 and 2410(a) filed).

Plaintiff suggests that the Third Circuit has expansively allowed intangibles to qualify as property interests sufficient to proceed under section 2410. Pltf's mem. at 20 (citing *Aqua Bar & Lounge v. United States Dep't of Treasury*, 539 F.2d 935 (3d Cir.1976). Plaintiff's support is unpersuasive, however. In *Aqua Bar*, although finding that the plaintiff could pursue an action against the government under section 2410, the Third Circuit noted expressly that, at the time of the proceedings, title to the property there in issue remained in

plaintiff's name, and neither a third party nor the IRS had obtained possession of the property. 539 F.2d at 937. Hence, even the support offered by the plaintiff suggests that ownership and possession are pre-requisites to proceeding under section 2410.

Moreover, the provisions of the contractual agreement between plaintiff and the Romanos fail to support plaintiff's position. As the government points out, paragraph 10 of the contract provides, in pertinent part:

10. SUBROGATION UPON PAYMENT OR SETTLEMENT

> Whenever the Company shall have settled a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured ...

> \*   \*   \*   \*   \*   \*

> The Company shall be subrogated to and be entitled to all rights and remedies which such insured claimant would have against any person or property in respect to such claim had the policy not been issued, and if requested by the Company such insured claimant shall transfer to the Company all rights and remedies ... and shall permit the Company to use the name of such insured claimant in any transaction or litigation involving such rights and remedies.

Pltf's Mot. To Amend, Exh. A. First, the Court notes that since the Company does not purport to have settled any claim made by the insured, no right to subrogation has yet "vested" under the contract. Second, even when subrogation has vested, the contract provides that the insured will allow its name to be used by plaintiff to pursue any rights and remedies the plaintiff might have. This indicates that even plaintiff acknowledges that it cannot pursue the interests of its insureds in its own name. Furthermore, although paragraph 7 of the Simeone affidavit, submitted by plaintiff in support of its motion to amend, suggests that in addition to its own interests, it is actively protecting and asserting the interests of the Romanos, such an assertion of

rights is inconsistent with Fed.R.Civ.P. 17(a)'s requirement that every action be prosecuted by the real party in interest.

Moreover, the terms of the contract indicate that plaintiff has no liability to the Romanos at this time. Indeed, paragraph 7 of the contract provides that "[n]o claim shall arise or be maintainable under this policy ... (b) in the event of litigation until there has been a final determination by a Court of competent jurisdiction, and disposition of all appeals therefrom adverse to the title or lien of the insured mortgage...." In sum, it is impossible at this stage to identify any significant interest that plaintiff possesses in the Property.

For all of the foregoing reasons, and especially in view of the Supreme Court's instruction that "a waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed", *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (citations omitted), the Court holds that plaintiff has failed to demonstrate that it is entitled to proceed under section 2410(a)(1), or that Congress has waived sovereign immunity to permit plaintiff's action.

■■■ Absent a waiver of the government's sovereign immunity, no claim against the government will lie. *Testan*, 424 U.S. at 399, 96 S.Ct. at 953–54. Accordingly, and for all of the foregoing reasons, even if plaintiff were permitted to amend its complaint, defendant's motion to dismiss this action must be granted as the Court lacks jurisdiction to hear this claim.[5]

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the amended complaint in this matter is GRANTED pursuant to Fed.R.Civ.P. 12(b)(1), and plaintiff's motion to amend the complaint is DENIED.

SO ORDERED.

---

**5.** In view of plaintiff's concession that its argument concerning "unconstitutional takings" is "not for determination by this [C]ourt", Pltf's mem. at 9, and as plaintiff has failed to describe its applicability to this case, and in light of the Court's discussion concerning plaintiff's current interest in the Property, the Court need not address plaintiff's argument on this subject.