

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Lichtman v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lichtman v. USA" (2008). *2008 Decisions.* Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2902
_____

JOAN LICHTMAN, CPA,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-0010 )
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2008
Before:  MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed : August 11, 2008)
_____

OPINION
_____

PER CURIAM

        Appellant, Joan Lichtman, appeals from the judgment of the United States District

Court for the Eastern District of Pennsylvania dismissing her complaint.  For the reasons

that follow, we will affirm.

On January 3, 2007, Lichtman filed a suit against the United States. The factual allegations in Lichtman's complaint are summarized as follows: Lichtman's father and uncle ("the Lichtman brothers"), both of whom are now deceased, held fiduciary powers over seven trusts. The trusts were established by Lichtman's grandfather to benefit his seven grandchildren. Each grandchild, including Lichtman, was the sole beneficiary of the principal of his or her trust. The Lichtman brothers were the primary income beneficiaries of the trusts, but, in the event that one of the grandchildren demonstrated a monetary need due to health, welfare, education, maintenance or support, the trust's income was to be paid to him or her. While overseeing those trusts, the Lichtman brothers engaged in self dealing and tax evasion. They were assisted in concealing their tax evasion schemes by the law firm and the accounting firm who prepared the tax returns for the trusts. The Lichtman brothers also denied Lichtman income distributions despite her demonstration of a medical need. Lichtman filed multiple complaints with the Internal Revenue Service ("IRS") and the Federal Bureau of Investigation ("FBI") regarding the Lichtman brother's tax evasion scheme; however, both agencies failed to assess taxes against and prosecute the offenders.

Based on the foregoing facts, Lichtman seeks the following relief: (1) a writ of mandamus directing the Secretary of the Treasury to collect taxes allegedly owed by the Lichtman brothers; (2) a writ of mandamus directing the Government to prosecute certain IRS agents and the tax and law firms that prepared the allegedly fraudulent tax forms; (3)

2

an informer's fee pursuant to 26 U.S.C. § 7214; (4) restitution pursuant to 26 U.S.C. § 7214; (5) damages pursuant to 26 U.S.C. § 7426(h); and (6) damages pursuant to the Federal Tort Claims Act ("FTCA"); 28 U.S.C. § 2671.  Appellee filed a motion to dismiss, arguing that the claims were barred by res judicata, sovereign immunity, lack of subject matter jurisdiction, lack of standing, and failure to state a claim upon which relief may be granted.  Although the District Court concluded Lichtman's suit was not barred by *res judicata*, the court granted the United States's motion for the various other grounds stated.  Lichtman appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the portion of the District Court's order dismissing Lichtman's mandamus petition is plenary.  Harmon Cove Condominium Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).  We also exercise plenary review over the portion of the District Court's order granting the United States's motion to dismiss.  Fagin v. Gilmartin, 432 F.3d 276, 281 (3d Cir. 2005).  "In reviewing the motion to dismiss, we must accept as true the facts alleged in the complaint and view them in the light most favorable to [Lichtman]."  Id.

Lichtman's first and second claims seek mandamus relief pursuant to 28 U.S.C. § 1361, which states:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

In her first claim, Lichtman seeks a writ of mandamus directing the Secretary of

the Treasury to collect taxes allegedly owed by the Lichtman brothers. Lichtman lacks standing to present this claim because she has failed to demonstrate a judicially cognizable injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Lichtman's claim is not particularized; it is a generalized grievance of behalf of all taxpayers. See Warth v. Seldin, 422 U.S. 490, 500 (1975). Furthermore, the IRS's decision to investigate or not investigate a particular taxpayer's case is within its discretion; thus, the IRS cannot be compelled under 28 U.S.C. § 1361 to investigate or assess taxes against the Lichtman brothers. Cf. United States v. McKee, 192 F.3d 535 (6th Cir. 1999) (stating "courts must defer to the discretion of revenue agents as to whether an initiation of a criminal investigation is warranted.").

Lichtman's second claim seeks a writ of mandamus directing the Government to prosecute certain IRS agents and the tax and law firms that prepared the allegedly fraudulent tax forms. The District Court correctly concluded that the Department of Justice ("DOJ") does not owe a duty to Lichtman to prosecute the offenders involved in the alleged tax evasion scheme. Furthermore, the DOJ's decision to prosecute or not prosecute an individual is within its discretion; thus, the DOJ cannot be compelled under 28 U.S.C. § 1361 to prosecute the alleged offenders. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (stating, "federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to

4

prosecute persons regarding whom a complaint of criminal conduct is made.").

Lichtman's next two claims seek an informer's fee and restitution pursuant to 26 U.S.C. § 7214. In order for Lichtman to be awarded an informer's fee or restitution, however, a revenue officer or agent must first be convicted pursuant to 26 U.S.C. § 7214. Lichtman fails to identify any individual who has been convicted pursuant to 26 U.S.C. § 7214. Accordingly, the District Court properly dismissed both claims.

Lichtman's fifth claim seeks damages under 26 U.S.C. § 7426(h), which permits damages in an action brought pursuant to 26 U.S.C. § 7426(a). Section 7426(a)(1) permits an action against the United States if the IRS has placed a wrongful levy against a third party's property. Lichtman asserts that the IRS's failure to assess taxes against the trust property held by the Lichtman brothers constitutes a wrongful levy. Lichtman, however, fails to allege that the IRS placed any levy against the trust property nor is there any indication that such a levy ever existed. The IRS's failure to assess taxes against the property, without more, is insufficient to constitute a levy, wrongful or otherwise. See Interfirst Bank Dallas, N.A. v. United States, 769 F.2d 299, 304 (5th Cir. 1985) (holding that "[i]n order for Section 7426 to apply, the IRS must have made an actual 'levy' upon the property in question."); see also Nickerson v. United States, 513 F.2d 31, 33 (1st Cir. 1975).

In her final claim, Lichtman asserts that she is entitled to damages pursuant to the FTCA, 28 U.S.C. § 2671, because she suffered financial losses and threats to her well-

being as a result of the IRS's failure to assess taxes against the Lichtman brothers and as a result of the DOJ's failure to prosecute the offenders involved in the tax evasion scheme. The FTCA is the exclusive remedy against the United States for tort claims arising out of the wrongful acts of Government employees acting within the scope of their employment. 28 U.S.C. § 2679. The FTCA's waiver of sovereign immunity, however, is subject to several exceptions. See 28 U.S.C. § 2680. Upon review of Lichtman's claim, we conclude that it is barred by the exceptions to the FTCA.

The first portion of Lichtman's FTCA claim is based on the IRS's failure to assess taxes against the Lichtman brothers. The FTCA does not apply to any "claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Accordingly, the IRS's failure to assess taxes against the Lichtman brothers is barred by section 2680(c)'s exclusion. See Interfirst Bank Dallas, N.A., 769 F.2d at 307 (concluding that section 2680(c)'s exception "specifically applies to *all* tax-related claims) (emphasis in original). The second portion of Lichtman's FTCA claim is based on the DOJ's failure to prosecute the offenders involved in the tax evasion scheme. Section 2680(a) precludes any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have

6

uniformly found them to be immune under the discretionary function exception." <u>Pooler v. United States</u>, 787 F.2d 868, 871 (3d Cir. 1986).  Accordingly, this portion of Lichtman's FTCA claim is also barred.

For the foregoing reasons, we will affirm the judgment of the District Court. Lichtman's motion, requesting an injunction to prevent the Government from filing any response to the appeal and to remand the appeal to the District Court, is denied.