**THREE "M" INVESTMENTS, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 84–1306.

United States Court of Appeals,
Tenth Circuit.

Jan. 17, 1986.

Terry P. Malloy of Malloy & Elder, Tulsa, Okl., for plaintiff-appellant.

Glenn L. Archer, Jr., (Michael L. Paup, Wynette J. Hewett, Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, with him in brief), Washington, D.C., for defendant-appellee.

---

Before MOORE and McWILLIAMS, Circuit Judges, and CHILSON, District Judge.*

JOHN P. MOORE, Circuit Judge.

This is an appeal from an order granting the defendant's motion for summary judgment in an action for damages and injunctive relief based on an alleged invalid federal tax levy. The question presented is whether a district court has jurisdiction under 26 U.S.C. § 7426(a) to award damages or otherwise grant relief when the alleged wrongful levy has been released prior to the commencement of the action. The question is answered in the negative, and the judgment of the district court is affirmed.

The operative facts were stipulated by the parties in the trial court. From that stipulation, it is evident the subject levy deprived the plaintiff of significant profits from the sale of real property when plaintiff was unable to deliver merchantable title. However, two months before the filing of the instant action, the levy causing the cloud on the real property title was voluntarily removed by the defendant.

Upon these facts, the trial court held it was without jurisdiction. That determination was correct.

The statute upon which the action was based provides:

> **Wrongful Levy.**—If a levy has been made on property ..., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

26 U.S.C. § 7426(a)(1).

The plaintiff has met the jurisdictional requisite of interest in the subject property;

thus, the only question is whether this statute must be read to require the existence of the lien on the date of the action. That question has been resolved in *Nickerson v. United States*, 513 F.2d 31 (1st Cir.1975). In *Nickerson*, the Court stated:

> It is well settled that the United States may not be sued absent a waiver of sovereign immunity. Nickerson claims to have found such a waiver in 26 U.S.C. § 7426(a), which he alleges should be construed to permit such suit whenever there has been a levy even if, as in the present case, the levy has been released and is no longer outstanding. While the wording of the statute does not specifically foreclose such a construction at least one court has refused to enjoin a threatened first levy noting that the statute reaches only "existing" levies, and no other court has exercised jurisdiction absent such a levy. This construction derives support from the fact that the exclusive remedies of subsection (b) seem to contemplate an existing levy.

*Id.* at 32–33 (citations omitted).

While plaintiff attempts to distinguish *Nickerson*, its "distinctions" are without a difference. As noted by the First Circuit, the key to jurisdiction lies in the remedies set forth in § 7426(b), all of which clearly contemplate the existence of a levy. For example, the only injunctive remedy granted the district court is to prohibit the enforcement of the levy or to prohibit the sale of the property. 26 U.S.C. § 7426(b)(1). There is no provision for the granting of an injunction to prohibit the filing of liens as sought by plaintiff in this case. The only other remedies are for the return of specific property, § 7426(b)(2)(A); a judgment for the "amount of money levied upon," § 7426(b)(2)(B); or a judgment "for an amount not exceeding the amount received by the United States from the sale of such property." Section 7426(b)(2)(C). There is no provision for damages for loss of profits as claimed in this case.

Notwithstanding the problematic nature of the remedies sought by the plaintiff, the

---

* Honorable Hatfield Chilson, United States Senior District Judge for the District of Colorado, sitting by designation. Judge Chilson did not participate in this decision after December 31, 1985.

sovereign immunity of the federal government is waived only to the extent a person claiming an interest in property is aggrieved by the pendency of an existing lien. When that lien has been released prior to the filing of an action, despite the reason for the release, the government is immune to suit and the district court is without jurisdiction to entertain the action.

·AFFIRMED.