**Marilyn S. DENHAM, f.k.a. Marilyn S. Ownby, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 91–4881 JGD.**

United States District Court, C.D. California.

Oct. 22, 1992.

Robert A. Johnson, Law Office of Douglas A. Johnson, Chino Hills, CA, for plaintiff.

Robert N. Kwan, Asst. U.S. Atty., for defendant.

## ORDER DISMISSING ACTION

DAVIES, District Judge.

By this action filed on September 11, 1991, Plaintiff Marilyn S. Denham seeks a refund of $31,325.31, which she asserts was a levied tax payment. The facts are not in dispute. Trial was held on August 24, 1992, at which time the parties offered exhibits in evidence and presented arguments to the Court. The Court took the case under submission. The Court has reviewed and considered the submitted exhibits, the stipulated facts set forth in the Pre–Trial Conference Order, and all other relevant material. For the reasons expressed below, the Court hereby finds for the Defendant, the United States of America, and against the Plaintiff, Marilyn S. Denham.

### Facts

On November 26, 1983, Plaintiff Marilyn S. Denham (f.k.a. Marilyn S. Ownby) married Jay D. Denham. Prior to the marriage they were single individuals. Before mar-

riage, Plaintiff and Mr. Denham entered into a prenuptial agreement that provided that a house Plaintiff owned would remain Plaintiff's separate property. The house is located at 3696 Whirlway Lane, City of Chino Hills, County of San Bernardino, California. Mr. Denham acquired no interest in this house.

Prior to and at the time of their marriage, Mr. Denham was indebted to the Internal Revenue Service ("IRS") for federal income taxes for tax years 1980, 1981, and 1982. He incurred additional tax debts for tax years 1983 and 1984. These debts were not community obligations. In addition, the Denhams jointly incurred a unpaid tax debt in the 1986 tax year of $59,300.56.

The IRS filed Notices of Federal Tax Liens in San Bernardino on the following dates in the following amounts:

| DATE FILED | TAX YEAR | TAXPAYER | AMOUNT |
| --- | --- | --- | --- |
| February 11, 1986 | 1980 | Jay D. Denham | $24,141.77 |
| February 11, 1986 | 1981 | Jay D. Denham | $34,835.38 |
| February 11, 1986 | 1982 | Jay D. Denham | $ 7,215.59 |
| June 9, 1986 | 1983 | Jay D. Denham | $24,388.48 |
| May 26, 1988 | 1986 | Jay & Marilyn Denham | $59,300.56 |

On February 16, 1989, the Denhams were divorced. The separate property status of Plaintiff's house was affirmed by the District Court of the State of Nevada in its Decree of Divorce of Plaintiff and Mr. Denham.

In May, 1989, Plaintiff's house was in an escrow as part of a transaction to sell the property to an unrelated third party. In May, 1989, the IRS sent a demand for payment of the liens to the escrow company. On June 22, 1989, Plaintiff and Mr. Denham applied to the IRS for a discharge of the tax liens on the house. The application was signed by Plaintiff and Mr. Denham, and it provided for payment of $31,325.31 to the IRS in exchange for a discharge of the liens on the house.

On June 28, 1989, the IRS informed the escrow company that it would issue a certificate of discharge of the house from the tax liens upon the payment of $31,325.31. On July 10, 1989, the escrow company paid $31,325.31 directly to the IRS on behalf of the Denhams.

From this amount, the IRS applied $103.31 to the joint tax liability of Plaintiff and Mr. Denham for 1986, and the remaining $31,222.31 to Mr. Denham's separate tax liabilities for tax years 1982, 1983, and 1984. On July 12, 1989, the IRS issued a certificate of discharge of the tax liens against the property.

On July 1, 1990, Plaintiff filed a claim for refund with the IRS, contending that the $31,325.31 payment had been applied against Mr. Denham's separate premarital tax liability for 1981, and that the prenuptial agreement and the divorce decree prohibited the IRS from collecting Mr. Denham's premarital tax debts from her. The IRS did not act upon the Plaintiff's claim.

On September 11, 1992, Plaintiff filed a complaint for refund of a wrongfully levied tax payment pursuant to Section 7426(a) of the Internal Revenue Code ("Code"), 26 U.S.C.

### Discussion

Plaintiff asks the Court to order a refund of her payment and to award her costs. Plaintiff argues that the filing period on her suit has not expired and that she is entitled to a refund of her payment. Under Section 6532(c)(1) of the Code, the filing period begins on the date of the levy or agreement by which the IRS secured the taxpayer's money. Because the IRS did not serve a notice of levy on Plaintiff, and because Plaintiff did not agree that the IRS could apply Plaintiff's payment to Mr. Denham's separate tax debts, no event triggered the filing period. Plaintiff is entitled to a refund because the IRS could not

apply her payment to Mr. Denham's debts without Plaintiff's consent.

Defendant asks the Court to dismiss Plaintiff's suit with prejudice and to award Defendant its costs. Defendant argues that because Plaintiff did not file a timely suit, the Court lacks subject matter jurisdiction. Section 6532(c)(1) describes the period within which a party must bring a suit under Section 7426(a), and thereby defines the extent to which Defendant has waived its sovereign immunity concerning these suits. Because Plaintiff failed to file her suit within the statutory period, sovereign immunity bars her suit and deprives the Court of subject matter jurisdiction.

Alternatively, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has no cause of action under Section 7426(a). Plaintiff must show that there was a levy or a "substituted sale proceeds" agreement. Because Plaintiff's voluntary payment in exchange for a release of the tax liens involved neither a levy nor a "substituted sale proceeds" agreement, she cannot sue under Section 7426(a) and has no other remedy. Because Section 7426(a) is a waiver of Defendant's sovereign immunity, Plaintiff's failure to state a claim under Section 7426(a) deprives the Court of subject matter jurisdiction.

A. *Plaintiff's Cause of Action Under Section 7426(a)*

Section 7426(a) of the Code grants a taxpayer whose money or property has been applied against a third party's tax debts three causes of action to recover the money or property from the IRS. First, if the IRS has obtained the taxpayer's money or property by means of a levy, the taxpayer may bring a wrongful levy suit. 26 U.S.C. § 7426(a)(1). Second, if the taxpayer is a junior lienholder on property sold to satisfy a senior tax lien, the taxpayer may sue to obtain the surplus sale proceeds. 26 U.S.C. § 7426(a)(2). Third, if the taxpayer holds an interest in property sold to satisfy a tax lien, the taxpayer may sue for a share of the proceeds held under a "substituted sale proceeds" agreement authorized by Section 6325(b)(3) of the Code. 26 U.S.C. § 7426(a)(3).

Because Plaintiff was not a junior lienholder on property sold to satisfy a senior tax lien, her only recourse under Section 7426(a) is a wrongful levy suit or a suit to recover funds held under a "substituted sale proceeds" agreement.[1]

### 1. Wrongful Levy

 Plaintiff's exclusive remedy when the IRS levies Plaintiff's property to pay the tax liabilities of a third party is a wrongful levy suit under Section 7426(a). *Winebrenner v. United States*, 924 F.2d 851, 853–55 (9th Cir.1991). To bring a wrongful levy suit, Plaintiff must show that there was a levy. *United States v. Donahue Industries, Inc.*, 905 F.2d 1325, 1329 (9th Cir.1990). "The term 'levy' ... includes the power of distraint and seizure by any means." 26 U.S.C. § 6331(b). A levy may be made by means of a notice of levy. *Donahue Industries*, 905 F.2d at 1330.

 Because the IRS did not serve a notice of levy on Plaintiff, the key issue is whether Plaintiff's voluntary payment to the IRS in exchange for a release of liens

---

**1.** Plaintiff apparently argues in the alternative that she has standing to recover her payment under Section 1346, 28 U.S.C., which authorizes suits by taxpayers to recover overpayment of their own taxes. 28 U.S.C. § 1346(a)(1). She cites *Parsons v. Anglim*, 143 F.2d 534 (9th Cir. 1944), and *David v. United States*, 551 F.Supp. 850 (C.D.Cal.1982). These cases support the proposition that Section 1346 permits taxpayers to recover payments applied against the tax liabilities of third parties. In *Parsons*, the court allowed a widow to recover her payment of her deceased husband's taxes. 143 F.2d at 536. However, *Parsons* predates the enactment of Section 7426(a). In *David*, the court allowed a corporate officer to recover personal payments he had made to discharge corporate tax liabilities. 551 F.Supp. at 854. However, the court in *David* expressly noted that a taxpayer who paid a third party's taxes to discharge a tax lien did not have standing under Section 1346(a)(1). *Id.* at 853.

The better view appears to be that within the Ninth Circuit, the majority rule is that a taxpayer's sole remedy when she pays the tax liabilities of a third person to discharge a tax lien is a suit under Section 7426(a). *See Winebrenner v. United States*, 924 F.2d 851, 853–55 (9th Cir. 1991).

amounted to a levy. In *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986), a bank owned certain accounts receivable that a company voluntarily surrendered to the IRS after the IRS threatened to levy them. The court held that the threat of levy combined with a voluntary payment was not a constructive levy of the bank's property. *Id.* at 304–05. Thus, in the present case no levy occurred because Plaintiff voluntarily made a payment to avoid IRS enforcement of its tax liens.

That the IRS held tax liens on Plaintiff's house but not on the accounts receivable in *Interfirst Bank* does not disturb the conclusion that Plaintiff's payment was not levied. In *Ticor Title Insurance Co. v. United States*, 1988 WL 383576, 1988 U.S.Dist.LEXIS 16306 (C.D.Cal. Oct. 13, 1988), a title insurance company paid the tax liens on property so that its insurees would take clear title on the property. The court found that no levy had occurred because the insurance company had voluntarily paid the liens in anticipation of a levy. *Id.*, 1988 WL 383576 at 1*, 1988 U.S.Dist. LEXIS at 1*. Thus, the tax liens on Plaintiff's house did not transform her payment into a levy.

■ Finally, Plaintiff might have argued that a levy occurred because the IRS regarded its notice of tax liens to the escrow company as a notice of levy. In *United Pacific Insurance Co. v. United States*, 320 F.Supp. 450, 451 (D.Oregon 1970), the court found that notice of a lien was equivalent to notice of a levy because the IRS had accompanied the notice of a lien with a letter headed "Tax levy." However, because Plaintiff has not provided evidence that the IRS's demand on the escrow company used the word "levy," she has not shown that this demand was equivalent to a notice of levy.

In sum, Plaintiff cannot bring a wrongful levy suit against the IRS under Section 7426(a)(1).

2. Substituted Sales Proceeds Agreement

■ To bring a suit based on a "substituted sales proceeds" agreement, Plaintiff must show that there was such an agreement. Under Section 6325(b)(3), a "substituted sales proceeds" agreement arises when the IRS discharges tax liens on property in exchange for transferring these liens onto a fund containing proceeds from the sale of the property. However, Plaintiff obtained a release of the tax liens on her house under Section 6325(b)(*2*), which authorizes the IRS to discharge tax liens when it receives payment of tax liabilities charged against property. Thus, no "substituted sales proceeds" agreement arose in the present case.

Plaintiff might have argued that Sections 6325(b)(2) and 6325(b)(3) authorize essentially the same sort of agreement. The only difference is that under Section 6325(b)(2), the IRS receives payment of the tax liens on the property before they are discharged, whereas under Section 6325(b)(3), the tax liens are transferred to the sale proceeds of the property. However, there is no authority for the proposition that these agreements are equivalent for the purposes of Section 7426(a).

■ The better view appears to be that Section 7426(a) permits suits only with respect to agreements under Section 6325(b)(3). Waivers of sovereign immunity are strictly construed and should not be inferred even when the plaintiff is an innocent third party with no alternative remedy. *See Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 306 (5th Cir. 1986). In *Ticor Title Insurance Co. v. United States*, 1988 WL 383576, 1988 U.S.Dist.LEXIS 16306 (C.D.Cal. Oct. 13, 1988), a title insurance company voluntarily paid the tax liens on property so that its insurees would take clear title on the property. The court found that this voluntary payment was not a "substituted sales proceeds" agreement. Id., 1988 WL 383576 at 1*, 1988 U.S.Dist.LEXIS at 2*. Thus, Plaintiff's payment to clear the liens on her house was not equivalent to a "substituted sales proceeds" agreement.

Because there was no agreement under Section 6325(b)(3), Plaintiff has no cause of action under Section 7426(a)(3).

B. *The Statute of Limitations on Actions Under Section 7426(a)*

Assuming *arguendo* that Plaintiff has a cause of action under Section 7426(a), her claims must not be time-barred. Absent an administrative request for a refund of money, suits under Section 7426(a) should be filed within nine months of the levy or agreement upon which the IRS collected the money. 26 U.S.C. § 6532(c). Plaintiffs who make an administrative refund request within the initial filing period extend the period either an extra twelve months from the date of the request, or an extra six months from the IRS's denial of the request, whichever is shorter. *Id.*

■ Assuming that Plaintiff's payment to the IRS in exchange for a release of liens was a levy or a "substituted sale proceeds" agreement, the initial filing period began on July 10, 1989, when Plaintiff voluntarily paid the IRS $31,125 in exchange for a certificate of discharge of liens. Accordingly, the initial filing period expired before she requested a refund on July 1, 1990.

Because Plaintiff did not make a refund request until July 1, 1990, she is not entitled to an extension of the filing period. Even assuming that Plaintiff's refund request was timely, the extended filing period expired before she filed her suit on September 11, 1991.

Thus, Plaintiff did not meet the statute of limitations governing suits under Section 7426(a).

C. *Dismissal With Prejudice*

■ "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). In general, a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits. William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:110.1 (1991). However, the question of jurisdiction and the merits of an action are intertwined when the same statute provides the basis for both subject matter jurisdiction and the plaintiff's substantive claim for relief. *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir.1983).

Sections 7426(a) and 6532(c) of the Code define the extent to which Defendant has waived its sovereign immunity to allow taxpayers to recover money or property that the IRS has applied against the tax debts of third parties. *See Williams v. United States*, 947 F.2d 37, 39–40 (2d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2277, 119 L.Ed.2d 203 (1992) (plaintiff's failure to meet requirements of Section 6532(c) deprives court of subject matter jurisdiction); *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir.1986) (Section 7426(a) defines limits of waiver); *Ticor Title Insurance Co. v. United States*, 1988 WL 383576, 1988 U.S.Dist.LEXIS 16306 (C.D.Cal. Oct. 13, 1988) (plaintiff's failure to meet requirements of Section 7426(a) deprives court of subject matter jurisdiction). Section 7426(a) also provides the substantive basis for plaintiff's claim.

Accordingly, the question of the Court's subject matter jurisdiction is intertwined with the merits of Plaintiff's claim. Because Plaintiff has no claim under Section 7426(a), the Court dismisses Plaintiff's claim for lack of subject matter jurisdiction with prejudice on the merits.

D. *Award of Costs*

■ "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). In *Swierkowski v. United States*, 620 F.Supp. 149, 149–50 (E.D.Cal.1985), *aff'd without op.*, 800 F.2d 1145 (9th Cir. 1986), *cert. denied*, 479 U.S. 1093, 107 S.Ct. 1306, 94 L.Ed.2d 161 (1987), the court found that it lacked subject matter jurisdiction over several of the plaintiff taxpayers' claims against the IRS and awarded costs to the defendant. Thus, the Court awards costs to Defendant in the present case.

*Conclusion*

Therefore, the Court finds for Defendant United States of America and against Plaintiff Marilyn S. Denham. The Court DISMISSES WITH PREJUDICE Plaintiff's claim for lack of jurisdiction over the sub-

ject matter and awards costs to Defendant. Judgment shall be entered accordingly.

IT IS SO ORDERED.