DeVona FERREL, Plaintiff,

v.

Ann BROWN, Seattle District Director of Internal Revenue: Timothy A. Towns, Chief, Collection Branch: and The United States of America, Defendants.

No. C93–604R.

United States District Court,
W.D. Washington,
at Seattle.

Oct. 19, 1993.

Robert E. Kovacevich, Spokane, WA, for plaintiff.

Diane E. Tebelius, U.S. Atty's Office, Seattle, WA, W. Carl Hankla, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants.

## ORDER DISMISSING PLAINTIFF'S CLAIMS

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendants' motion to dismiss or in the alternative for summary judgment. After reviewing the motion, together with all materials filed in support and in opposition, the court finds and rules as follows:

### I. BACKGROUND

Plaintiff DeVona Ferrel is the sole owner of bank account C/A 12022372 at the Cashmere Valley Bank ("Bank"), Cashmere, Washington. On January 9, 1993, the Internal Revenue Service sent a notice of levy to the Bank. The notice was signed by defendant Timothy A. Towns, Chief, Collection Division. The notice named Charles M. Ferrel, Jr., plaintiff's husband, as the subject of the levy and listed his social security number. The notice did not list Ms. Ferrel's name, but did list her social security number. The notice directed the Bank to place a 21-day hold on Mr. Ferrel's accounts to satisfy a tax penalty assessed under 26 U.S.C. § 6672. The parties do not dispute that the plaintiff is not responsible for the tax penalty.

Upon receipt of the notice of levy, the Bank placed a 21-day hold on Ms. Ferrel's account. Mr. Ferrel had no interest in the account and was not a signatory. On February 2, 1993, plaintiff's attorney requested that the IRS release the levy on Ms. Ferrel's account. The IRS immediately released the levy, before the expiration of the 21-day hold. No funds had been removed under the notice of levy.

The IRS had levied the same account on at least one prior occasion on June 8, 1992. Ms. Ferrel attempted to obtain release of that 1992 levy without the services of an attorney. According to the plaintiff, the IRS did not release the 1992 levy and proceeded to remove funds from her account at that time. In addition, the plaintiff claims that the Ferrels' 1992 joint tax refund was community property but that the IRS intercepted the entire joint tax refund to satisfy Mr. Ferrel's separate tax penalty. She further believes that the levies will continue on her separate account because her husband's tax liability may continue for over twenty years.

On April 27, 1993, the plaintiff through her attorney filed an administrative claim with the IRS for damages arising from the notice of levy. The IRS denied the claim by letter dated May 12, 1993. Meanwhile, the plaintiff filed the present claim naming Ann Brown, Seattle District Director of Internal Revenue, Timothy A. Towns, and the United States as defendants. She seeks damages under 26 U.S.C. §§ 7426, 7432, and 7433 to compensate the alleged cloud on her reputation and harm to her credit from the released levy and potential future levies. She also seeks temporary and permanent injunctions under § 7426 against future levies. She further asks for attorney's fees under 28 U.S.C. § 2412 and 26 U.S.C. § 7430. The defendants have filed a motion to dismiss for lack of jurisdiction or in the alternative for summary judgment on all claims.

## II.  DISCUSSION

### A.  *Immunity of Internal Revenue Service Officers*

As an initial matter, this court must consider whether the plaintiff may maintain claims against individual IRS agents, Brown and Towns, or whether they enjoy immunity to suit.  She argues that Brown and Towns acted outside their official capacities and therefore are individually liable.

██ A claim against IRS employees acting in their official capacities is treated as an action against the United States. *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985); *see also Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1052–53, 10 L.Ed.2d 191 (1963) ("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.").  An exception to this general rule may arise in a so-called "Bivens" claim, which allows suits for damages against federal officials for federal constitutional violations. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971); *see also Gilbert,* 756 F.2d at 1459.

In § 7426 Congress explicitly incorporated an employee immunity into the tax code: "No action may be maintained against any officer or employee of the United States . . . with respect to any acts for which an action could be maintained under this section." 26 U.S.C. § 7426(d); *see also Winebrenner v. United States,* 924 F.2d 851, 855 & n. 4 (9th Cir.1991); *Baddour,* 802 F.2d at 806–09 (holding that § 7426 "explicitly bars" an action against IRS employees); *Smith v. United States,* 1993 U.S.Dist. LEXIS 11933, at *9–10 (D.Idaho July 19, 1993) (holding individual IRS agents are shielded by qualified immunity from constitutional tort claims arising from tax levies); *Waring Park v. IRS,* 1993 WL 245597, at *2, 1993 U.S.Dist. LEXIS 5807, at *5 (D.Or. April 22, 1993) (dismissing Bivens claim against IRS agents for

wrongful levy).  Section 7426 goes on to demand the substitution of the United States as defendant in any claim brought against its employees.  26 U.S.C. § 7426(e).

██ Equally, where a taxpayer alleges that an IRS employee "recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title," the statute makes a suit against the United States "the exclusive remedy for recovering damages resulting from such actions."  26 U.S.C. § 7433(a).  This section likewise has been held to be an adequate remedy for constitutional torts and therefore to protect employee immunity. *See Park,* 1993 WL 245597, at *2.  Accordingly, Brown and Towns are immune from plaintiff's claims, and she is limited to seeking relief from the United States as a defendant.

### B.  *Jurisdiction*

Plaintiff claims that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1340 and under 26 U.S.C. §§ 7426, 7432, and 7433.[1] Section 1340 does afford the court subject matter jurisdiction: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." 28 U.S.C. § 1340; *Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991).  Sections 1340 and 1331, however, merely operate as grants of general jurisdiction and require an accompanying waiver of sovereign immunity. *Arford,* 934 F.2d at 231; *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985); *DeMasters v. Arend,* 313 F.2d 79, 84 (9th Cir.), *cert. dismissed,* 375 U.S. 936, 84 S.Ct. 341, 11 L.Ed.2d 269 (1963).  By the doctrine of sovereign immunity, the federal government must consent to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *Gilbert,* 756 F.2d at 1458.

Waivers of sovereign immunity are narrow and "must be 'construed strictly in favor of the sovereign.'" *United States v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) (quoting

---

1.  Plaintiff asserts that at the very least her allegations of lack of notice and unauthorized agent actions overcome a motion to dismiss.  As the

Government points out, however, these factual issues are irrelevant without a waiver of sovereign immunity.

*Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983)). Such waivers of sovereign immunity must be "unequivocally expressed." *Mitchell,* 445 U.S. at 538, 100 S.Ct. at 1351; *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502-03, 23 L.Ed.2d 52 (1969). Without a waiver of sovereign immunity, the action must be dismissed. *Gilbert,* 756 F.2d at 1458. Plaintiff's claims under §§ 7426, 7432, and 7433 thus must fall into the narrow waivers of sovereign immunity under those statutes to withstand defendants' motion to dismiss for lack of jurisdiction.

### C. Plaintiff's § 7426 Claim

#### 1. Damages

██ The court lacks jurisdiction over plaintiff's claim for damages for wrongful levy under § 7426. The statute explicitly provides that "[t]he district court shall have jurisdiction to grant *only* such of the following forms of relief." 26 U.S.C. § 7426(b) (emphasis added). Section 7426(b) then lists the only four remedies available for wrongful levy: (1) injunction; (2) recovery of property; (3) judgment for surplus proceeds from sale of property; and (4) judgment for substituted sale proceeds. 26 U.S.C. § 7426(b)(1)–(4). As damages do not constitute one of the exclusive remedies available under § 7426, the court dismisses the claim for damages under § 7426.

#### 2. Injunctive Relief

██ Section 7426 allows a cause of action against the United States where the IRS imposes a tax levy on the property of an innocent third party:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon, may bring a civil action against the United States.

26 U.S.C. § 7426(a)(1).

The Government does not dispute that the plaintiff is an innocent third party, that she has sole interest in the levied account, and that the levy was wrongful when imposed. Nevertheless, the United States argues that the United States has waived sovereign immunity under § 7426 only for claims by third parties with *existing* levies. The court agrees.

Courts considering this issue have held that any wrongful levy action requires an existing levy. Sovereign immunity is waived under § 7426 "only to the extent a person claiming an interest in property is aggrieved by the pendency of an existing lien" or levy. *Three "M" Investments, Inc. v. United States,* 781 F.2d 352, 354 (10th Cir.1986). If the levy has been released prior to commencement of the current action, the government maintains its sovereign immunity. *Baddour, Inc. v. United States,* 802 F.2d 801, 804 (5th Cir.1986); *Three "M" Investments,* 781 F.2d at 353; *Nickerson v. United States,* 513 F.2d 31, 33 (1st Cir.1975).

Likewise, the threat of future levy on an innocent third party does not effect a waiver of sovereign immunity under § 7426. *Interfirst Bank Dallas, v. United States,* 769 F.2d 299, 304 (5th Cir.1985) (Section 7426 does not permit injunction against mere threat by IRS to file tax liens), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Denham v. United States,* 811 F.Supp. 497, 500 (C.D.Cal.1992) (Section 7426 inapplicable where plaintiff voluntarily paid tax penalty before levy imposed); *Century Bank v. Cheyenne Foods,* Inc., 91–1 U.S.T.C. ¶ 50,-049, at 87,203, 1990 WL 265178 (D.Colo.1990) (no jurisdiction under § 7426 to grant injunction to prevent IRS from filing lien).

Section 7426 only permits a court to grant an injunction "to prohibit the enforcement of such levy or prohibit such sale," 26 U.S.C. § 7426(b)(1). This statutory language presupposes that a levy currently be in place, as "the key to jurisdiction lies in the remedies set forth in § 7426(b), all of which clearly contemplate the existence of a levy." *Three "M" Investments,* 781 F.2d at 353; *see also Nickerson,* 513 F.2d 31. Thus, despite the possibility of future levy on the plaintiff's property, without an existing levy the court must grant the defendants' motion to dismiss the § 7426 claim for lack of jurisdiction.

### D. Plaintiff's § 7432 Claim

Plaintiff's § 7432 claim may be disposed of by its statutory requirements. That section of the code expressly limits recovery of civil damages for failure to release a lien to liens imposed by the IRS under 26 U.S.C. § 6325. 26 U.S.C. § 7432(a). The IRS placed the levy on the plaintiff's account under § 6672. She thus fails to fall into the narrow waiver of sovereign immunity § 7432, and the court must dismiss this portion of her claim.

### E. Plaintiff's § 7433 Claim

■ Plaintiff's claim for civil damages for unauthorized collection asks the court to consider whether the United States waives sovereign immunity in § 7433 for claims not only by the direct taxpayer at whom the levy was aimed, but also by any taxpayer, including those who qualify as third parties under § 7426. The Ninth Circuit has expressly stated that "the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426." *Winebrenner v. United States*, 924 F.2d 851, 855 (9th Cir.1991). Regardless of the outcome of her § 7426 claim, the plaintiff does not deny that she is a "third party" as defined by that section: "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property." 26 U.S.C. § 7426(a)(1). She argues, however, that § 7433 does afford an additional remedy to a third party who qualifies for the general definition of "a taxpayer" under 26 U.S.C. § 7426(a)(1).

Section 7433 provides that "in connection with any collection of Federal tax with respect to a taxpayer, ... such taxpayer may bring a civil action for damages against the United States." 26 U.S.C. § 7433(a). Despite the plaintiff's contention, standing under § 7433 does not turn on her qualification as "a taxpayer" at all. Rather, § 7433(a) requires that she be "*such* taxpayer" from whom the IRS collected the tax, 26 U.S.C. § 7433(a) (emphasis added); that is, the direct taxpayer, not a third party.[2]

Plaintiff's argument is not a novel one. Other courts have rejected similar arguments for the expansion of § 7433 to third parties. *See Matrix Development Corp. v. United States*, 815 F.Supp. 297, 301–02 (E.D.Wis. 1993); *Lee v. United States*, 93–2 T.C. ¶ 50,-490, 1993 WL 393054 (N.D.Ga. July 20, 1993); *Progressive Bank & Trust Co. v. Moore*, 91–1 T.C. ¶ 50,192, 1991 WL 55790 (E.D.La.1991). For example, in *Progressive Bank*, the district court rejected the identical argument, also made by a wife whose accounts were levied to pay her husband's separate debts, that legislative history and the general definition of "taxpayer" in 26 U.S.C. § 7701(a)(14) expands §§ 7432 and 7433 to allow claims by third parties. *Progressive Bank*, 91–1 T.C. at 87,799–800, 1991 WL 55790 at *2. That court granted the motion of the United States to dismiss for lack of jurisdiction: "Reading the statutes in context, the court must conclude that their scope is limited only to those taxpayers against whom the I.R.S. is attempting to collect." *Id.* at 87,799, 1991 WL 55790 at *2. Likewise, in another analogous complaint where the IRS wrongfully levied a wife's assets to satisfy her husband's separate tax debt, the district court rejected the wife's argument that she qualified as "a taxpayer" to sue under § 7432 and limited her remedies as a third party to § 7426. *Lee*, 93–2 T.C. at 89,540, 1993 WL 393054 at *3 (granting partial summary judgment to the United States).

This court is persuaded by the reasoning of other district courts that the waiver of sovereign immunity under § 7433 is limited to claims by the direct taxpayer.

### E. Attorney's Fees

Plaintiff's final claim seeks attorney's fees of $2,500 under 26 U.S.C. § 7430.[3] She ar-

---

**2.** Plaintiff argues that even if standing under § 7433 is limited to the direct taxpayer, she qualifies by operation of Washington's community property laws. The opposite is true: she is a third party because she is *not* liable for her husband's separate tax penalty.

**3.** In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—

gues that whether or not she prevails on the substantive claims herein, she can recover attorney's fees for legal services performed to obtain release of the levy. Additionally, plaintiff seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[4]

### 1. *Under 26 U.S.C. § 7430*

■ A claim for attorney's fees against the United States requires a waiver of sovereign immunity. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983) ("Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees."); *Campbell v. United States,* 835 F.2d 193, 195 (9th Cir.1987). Furthermore, such waivers of immunity must "not [be] 'enlarge[d] ... beyond what the language requires.'" *Ruckelshaus,* 463 U.S. at 685, 103 S.Ct. at 3277–78 (quoting *Eastern Transportation Co. v. United States,* 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927)). Section 7430 constitutes a waiver of sovereign immunity for claims for attorney's fees incurred in "any civil proceeding which is brought by or against the United States" under the tax code in certain circumstances. 26 U.S.C. § 7430(a).

■ For a waiver of sovereign immunity under § 7430, the "civil proceedings" incurring attorney's fees must constitute either "court proceedings" or IRS "administrative proceedings." 26 U.S.C. §§ 7430(a)(1)–(2). Clearly, the plaintiff is unable to seek award of litigation costs from this court proceeding as the substantive claims are dismissed and thus she has not prevailed. Likewise, her administrative claim before the IRS was rejected by the Office of Appeals, so she cannot qualify as a prevailing party in a claim for administrative costs from those proceedings.

Plaintiff argues that "administrative proceedings" under § 7430 include the activities of her attorney in releasing the levy prior to filing her administrative complaint with the IRS. Turning to the statute, however, costs for administrative proceedings are explicitly limited to "only ... costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii), the date of the notice of the deficiency." 26 U.S.C. § 7430(b)(2). Moreover, the question of whether the "position" of the IRS was substantially justified is determined in reference to those same dates, 26 U.S.C. § 7430(c)(7)(B)(i), and "[t]he actions or inactions by the Service prior to the District Counsel's involvement are irrelevant," *Bertolino v. Commissioner,* 930 F.2d 759, 761 (9th Cir.1991).

Thus, plaintiff's theory that her attorney's activities in obtaining release of the levy prior to the date of the IRS Office of Appeals decision[5] constitute "administrative proceedings" is not borne out by the statute. Because her attorney's activities do not qualify as either court or administrative proceedings for which the United States has consented to be sued, this court must dismiss plaintiff's claim for attorney's fees under § 7430 for lack of jurisdiction.

### 2. *Under the EAJA*

■ A court cannot award attorney's fees under the EAJA if § 7430 applies to the claim: "In the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA." *Smith v. Brady,* 972 F.2d 1095, 1099 (9th Cir.1992) (citing 28 U.S.C. § 2412(e); *United States v. McPherson,* 840 F.2d 244, 245–46 (4th Cir.1988)). The test for the exclusive application of § 7430 is

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred with such court proceeding.
26 U.S.C. § 7430(a).

**4.** 28 U.S.C. § 2412(b) states in part:
Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any

civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

**5.** The notice of deficiency proviso is inapplicable to the plaintiff's wrongful levy claim, as the very reason the levy was wrongful is that as an innocent third party she was not deficient in her taxes. Consequently, she would not have received a notice of deficiency.

whether the claim arose "in connection with the determination, collection, or refund of any tax, interest, or penalty under this title." 26 U.S.C. 7430(a); *Smith v. Brady,* 972 F.2d at 1099. The Ninth Circuit has read the "in connection with" standard broadly. *Smith v. Brady,* 972 F.2d at 1100. In the present claim, the attorney's fees requested arose solely from the removal of a tax levy and in conjunction with claims under §§ 7426, 7432, and 7533 of the tax code. Plaintiff's exclusive method for pursuing attorney's fees is thus under § 7430, and the court must dismiss her claim for attorney's fees under the EAJA.

### III. CONCLUSION

Given the court's conclusions on the above issues, it is not necessary to consider defendants' motion in the alternative for summary judgment. The court is bound by the limits of the statute to dismiss all claims against defendants. This is not to say, however, that the court in any way condones the actions of the IRS in wrongly levying a citizen's property not only once, but on two or more occasions. The IRS could have prevented this entire dispute by a mere clerical correction of the notice of levy. The court would hope that similar actions causing such expense and distress to an innocent citizen can be avoided in the future.

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. Defendants' motion to dismiss all claims against defendants Brown and Towns for failure to state a claim is GRANTED.

2. Defendants' motion to dismiss for lack of jurisdiction under 26 U.S.C. §§ 7426, 7432, and 7433 is GRANTED.

3. Defendants' motion to dismiss for lack of jurisdiction on the issue of attorney's fees under 26 U.S.C. § 7430 and 28 U.S.C. § 2412 is GRANTED.

All pending motions in this action are hereby STRICKEN.