77 F.3d 488
 96-1 USTC P 50,157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles M. FERREL, individual and as a marital community;
Devona Ferrel, Plaintiffs-Appellants,
v.
Ann BROWN, Defendant,
and
United States of America, Defendant-Appellee.
 No. 94-36148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Feb. 15, 1996.
 
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 1. 26 U.S.C. § 7426
 
 2
 The district court didn't err in denying Devona Ferrel's motion for injunctive relief because there was no levy against her separate property for the court to enjoin. As we've told her before, section 7426 allows a court to enjoin only an existing wrongful levy. See Ferrel v. Brown, 40 F.3d 1049, 1050 (9th Cir.1994) (per curiam); Ferrel v. Brown, 847 F.Supp. 1524, 1527 (W.D.Wash.1993). It doesn't allow a permanent injunction against hypothetical future levies--which is what she seeks.
 
 
 3
 Devona also appeals the district court's dismissal of her claim to recover her share of community property taken pursuant to a levy. Property is wrongfully levied only if it doesn't belong in whole or in part to the taxpayer against whom the levy originated. Arth v. United States, 735 F.2d 1190, 1193 (9th Cir.1984). Because the tax refund and the Dean Witter account belonged in part to Charles Ferrel the levy was proper.
 
 2. 26 U.S.C. § 7422
 
 4
 The district court didn't err in dismissing the Ferrels' claim under 26 U.S.C. § 7422 for lack of jurisdiction. The district court doesn't have jurisdiction over a refund suit until the plaintiff has filed an administrative claim that has either been rejected or not acted upon for six months. Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). The Ferrels didn't wait six months and alleged no facts in their complaint that would establish an implicit or explicit IRS rejection.
 
 3. Bivens claim
 
 5
 The district court correctly dismissed the Ferrels' Bivens claim. Routine action to collect taxes doesn't amount to a constitutional violation. Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). Viewed in the light most favorable to the Ferrels, their complaint alleges no more than this.
 
 4. 26 U.S.C. § 7432 and § 7433
 
 6
 The district court correctly dismissed Charles Ferrel's claim under 26 U.S.C. § 7432 and § 7433 for lack of subject matter jurisdiction. The court has no jurisdiction if the taxpayer hasn't exhausted his administrative remedies. Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1993); 26 U.S.C. § 7432(d)(1). Charles didn't allege exhaustion.
 
 5. 26 U.S.C. § 7431
 
 7
 The district court correctly ruled that Charles failed to state a claim under 26 U.S.C. § 7431. Vague and conclusory statements are insufficient to permit a court to determine whether a violation actionable under § 7431 has occurred. See Detrick v. United States, 91-1 USTC (CCH) p 50,063, at 87,261 (D.Or.1991), aff'd, 962 F.2d 13 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3